﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200128-59004
DATE: December 31, 2020

ORDER

Entitlement to service connection for a right ankle disability is denied.

New and relevant evidence has not been received to readjudicate the claim of entitlement to service connection for a left knee disability and that claim is denied.

New and relevant evidence has not been received to readjudicate the claim of entitlement to service connection for a low back disability and that claim is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran’s right ankle disability began during active service, or is otherwise related to an in-service event, injury or disease.

2. An April 2017 final Board of Veterans’ Appeals (Board) decision found that at the time the Veteran had current left knee and low back disabilities. 

3. Since the April 2017 Board decision, evidence has not been received that tends to prove or disprove a matter at issue regarding claims for service connection for left knee and low back disabilities. 

CONCLUSIONS OF LAW

1. The criteria for establishing service connection for a right ankle disability are not satisfied. 38 U.S.C. §§ 1110, 1112, 1116, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for readjudicating the claim for service connection for a left knee disability are not satisfied. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

3. The criteria for readjudicating the claim for service connection for a low back disability are not satisfied. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from December 1973 to December 1975. 

In January 2020, after issuance of a Statement of the Case (SOC) in December 2019, the Veteran opted into the modernized review system as detailed in the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55 (2017) (also known as the “Appeals Modernization Act” (AMA)). 38 C.F.R. § 19.2(d). At that time, he requested direct review of the evidence considered by the Department of Veterans Affairs (VA) Regional Office (RO). 38 C.F.R. § 20.202. 

The Board notes that the claims to reopen previously denied service connection claims for left knee and low back disabilities have been recharacterized as the different AMA evidentiary standard requiring new and relevant (rather than material) evidence. 38 C.F.R. §§ 3.2501(a)(1), 19.2. Additionally, the Board notes that the RO reopened the previously denied right ankle disability claim in the December 2019 SOC. As this is a favorable finding, the Board will not disturb it and will proceed to re-adjudicate the claim on its merits.

Service Connection for Right Ankle Disability

Generally, to establish service connection, a claimant must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). A disability that is proximately due to, the result of, or aggravated by a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310. 

VA has established certain rules and presumptions for chronic diseases, such as arthritis. See 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a); Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013). With chronic diseases shown as such in service so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless attributable to intercurrent causes. 38 C.F.R. § 3.303(b). If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. § 3.303(b). In addition, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, chronic diseases are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a).

The Veteran has a current right ankle disability, diagnosed at a recent VA examination as degenerative arthritis and neuropathic arthropathy. Thus, the remaining question is whether a current right ankle disability is related to service. 

Service treatment records reflect a May 1975 in-service fall that resulted in a mild ankle sprain. No other in-service reports of a right ankle injury are noted, including during a December 1975 separation physical examination where evaluation of the lower extremities was normal. In a corresponding report of medical history, no recurrent right ankle problem was indicated. If right ankle pain was present at separation, the Board would expect the Veteran would have responded “yes” when asked if he had swollen or painful joints at separation because a reasonable person would have interpreted the question to include symptoms of a right ankle condition. Moreover, the Veteran responded affirmatively when asked whether he had other conditions at separation and the Board would thus expect the Veteran to have also responded affirmatively to having a right ankle condition. 

A right ankle disability is not shown by medical evidence until additional sprains in March 2001 and again in November 2004. The Board also notes that an October 2010 VA podiatry treatment record notes the Veteran reporting a severe right ankle sprain in 1984; however, there is no record of this injury in the claims file. While the Veteran was asked to provide information as to all post-service treatment of his right ankle in March 2016, subsequent to a previous Board remand, no completed VA Form 21-4142 (Authorization to Disclose Information) or VA Form 21-4142a (General Release for Medical Provider Information) was returned. Further, he responded in August 2016 that he had no additional information or evidence to support his claim. 

As arthritis is not shown to have been present during service or in the first year after separation of service, and continuity of symptomatology leading to a diagnosis of arthritis is not shown, in-service incurrence of the Veteran’s right ankle disability cannot be presumed. See 38 C.F.R. §§ 3.307, 3.309(a). To the extent the Veteran asserts a continuity of symptomatology beginning during service, the Board finds these statements to lack credibility as they are in direct conflict with the Veteran’s report of medical history at separation from service where he denied swollen or painful joints. The Board finds the report of medical history at separation from service to be more reliable than more recent assertions as it was done contemporaneous to service and for the purpose of identifying disability at that time. 

The Veteran first presented for a VA examination for his initial service connection claim in June 2010, at which time he was interviewed by the examiner who also reviewed the pertinent medical history and performed an examination. The examiner opined that the Veteran’s current right ankle condition was not related to his in-service ankle sprain. In support of this conclusion, the examiner explained that the ankle sprain as documented on active duty did not appear to have been serious and it was not claimed by him to be a significant problem upon discharge several months later. The examiner also noted that the Veteran sprained his ankle several times over the ensuing years. 

The Board notes that, while it first denied his claim in January 2014 based on the above examination, the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In June 2015, the Court granted a Joint Motion for Remand (JMR) in which the parties agreed to vacate the January 2014 decision and remand the matters to the Board. In October 2015, consistent with the Court’s Order, the Board remanded the claim to obtain a new examination and opinion. 

The examination was provided in May 2016, when the Veteran was interviewed by an examiner who also reviewed the pertinent medical history. As with the 2010 examiner, a negative opinion was provided that the Veteran’s right ankle disability was less likely than not incurred in or caused by his in-service injury. The examiner explained that the Veteran’s in-service injury was only a mild ankle sprain, and the record was absent ongoing ankle complaints following his service discharge until at least his purported ankle sprain nearly a decade after service in 1984. 

Based on the foregoing, the Board again denied the Veteran’s claim in April 2017, which became final. Notably, a new VA ankle examination was afforded in August 2017, with an etiological opinion provided in October 2017. After interview and physical examination, the examiner opined that it was less likely as not that the Veteran’s right ankle disability was related to his in-service injury. The examiner explained that the Veteran’s in-service ankle injury was not severe enough, repetitive enough, or of sufficient duration to cause his current right ankle condition. The Veteran had more severe right ankle injuries following service, the examiner continued, that would be more likely to be a contributing cause of his current right ankle condition. In addition, diagnostic testing suggests that his right ankle arthritis was most likely caused by his neuropathic arthropathy, which itself is a result of nonservice-connected peripheral neuropathy. 

The Board finds the above VA opinions, as a whole, to be highly probative as they were made by medical professionals with consideration of the specific facts in this case and after examination of the Veteran. The opinions are also supported by other evidence of record. For example, the record contains evidence of only one minor in-service right ankle sprain with no further complaints at his discharge examination, and no other ankle injuries until at least a decade later where the Veteran supposedly suffered a separate, and more severe, right ankle injury. According to the most recent opinion by a VA examiner, these post-service ankle problems are more likely than not related to a nonservice-related neuropathic arthropathy. 

The Board acknowledges that there are positive opinions of record, in particular the December 2015 and June 2017 opinions provided by Dr. A.B. However, the Board affords them less probative weight. Of note, the former opinion contains no rationale beyond Dr. A.B. stating that he was familiar with the Veteran’s history. While, Dr. A.B. did provide a more complete rationale in June 2017 that instability caused by his initial injury has as likely as not led to further ankle injuries, the opinion does not address the absence of an ankle injury for nearly a decade after his initial right ankle injury, as well as the roughly 17 years until his next documented ankle injury in 2001, nor does it address the significance of the Veteran’s peripheral neuropathy and neuropathic arthropathy. While the Veteran provide another opinion from Dr. A.B. dated January 2019, it only reiterates his previous statements. Finally, the Veteran submitted a portion of a September 2018 VA medical record that notes a history of right ankle pain and instability since his in-service sprain, with the opinion that “this issue can be a result of the previous injury of the right ankle with ankle instability.” This opinion, however, is also of little, if any, probative weight as it is speculative in nature and does not reflect review of the medical record and the Veteran’s actual medical history. 

For the above reasons, the preponderance of the evidence is against the claim and service connection is denied. 

The Board has considered the Veteran’s statements, to include his assertions that his right ankle disability is related to service. As the Veteran is not shown to have medical education or experience, he is a lay person and is competent to report (1) symptoms that are observable to a layperson, e.g., pain and instability; (2) symptoms at the time supporting a later diagnosis by a medical professional; or (3) a contemporaneous medical diagnosis. See Davidson v. Shinseki, 581 F.3d 1313 (2009). The Veteran is not competent to independently render a medical diagnosis or opine as to the specific etiology of a condition as these are medically complex issues. Thus, his lay assertions do not constitute evidence upon which service connection can be granted. In any event, the Board ultimately assigns greater probative weight to the medical evidence of record, to include the opinion rendered by a trained medical professional based on appropriate diagnostic testing and reasonably drawn conclusions with supportive rationale.

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in this case. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

New and Relevant Evidence

The Veteran’s service connection claims for left knee and low back disabilities were denied by the Board in April 2017 on a determination that the evidence was against a finding that his disabilities were related to his service on either a direct or secondary basis. See 38 C.F.R. §§ 3.303, 3.310. The Veteran was provided notice of this decision and his appellate rights but did not appeal. Therefore, the decision is final. See 38 U.S.C. § 7104(b); 38 C.F.R. § 20.1100.

VA will readjudicate a finally denied claim if new and relevant evidence is presented or secured. 38 U.S.C. § 5108(a); 38 C.F.R. § 3.156(d). New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim and includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(1).

Here, the new evidence consists of medical evidence showing current disabilities and medical opinions addressing whether the disabilities are related to the Veteran’s right ankle disability. At the time of the final April 2017 Board decision, the Board specifically found that the Veteran had current low back and left knee disabilities. New evidence regarding the continued existence of these disabilities is not relevant as current disability is not a matter at issue. Id. Likewise, the medical opinions addressing a relationship to the right ankle disability are not relevant. The Veteran is not service-connected for a right ankle disability and service connection for such is again being denied in this decision. Opinions relating disabilities to nonservice-connected conditions are not relevant. 

Simply put, service connection for left knee and low back disabilities cannot be awarded on a secondary basis to a nonservice-connected disability. 38 C.F.R. § 3.310. As new and relevant evidence has not been received, readjudication of the claims related to the back and left knee is not warranted. 

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claims, that doctrine is not applicable in this case. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. 49 (1990).

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Scarduzio, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.